The **FAULKNER HOSPITAL CORPORATION, Plaintiff, Appellee,**

v.

**Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant, Appellant.**

No. 82–1528.

United States Court of Appeals, First Circuit.

Argued Jan. 6, 1983.

Decided March 10, 1983.

Lawrence E. Burstein, Asst. Regional Atty., Dept. of Health and Human Services, Boston, Mass., with whom William F. Weld, U.S. Atty., Charles K. Mone, Asst. U.S. Atty., and Samuel C. Fish, Regional Atty., Boston, Mass., were on brief, for defendant, appellant.

Thomas F. Maffei, Boston, Mass., with whom Michael K. Loucks, and Choate, Hall & Stewart, Boston, Mass., were on brief, for plaintiff, appellee.

Before CAMPBELL and BOWNES, Circuit Judges, and PETTINE,* Senior District Judge.

PER CURIAM.

In this case Faulkner Hospital seeks Medicare reimbursement for certain capital costs that it incurred as the result of the construction of its new hospital facility in Jamaica Plain, Massachusetts. Faulkner claims that it is entitled to a depreciation allowance for advances made to cover the operating deficit of Doctors Hospital. These advances were made by Faulkner because it was required to phase out all inpatient services at Doctors Hospital under the certificate of need for its new hospital. The Provider Reimbursement Review Board (PRRB) affirmed the decision, 537 F.Supp. 1058 of Blue Cross of Massachusetts, the fiscal intermediary for the Secretary of Health and Human Services, denying Faulkner reimbursement. The District Court reversed the PRRB on the ground that its findings were not supported by substantial evidence and were contrary to law. We agree with the reasoning set forth in the District Court's opinion and affirm.

The controversy in this case arose as a result of Faulkner's decision to replace and expand its existing hospital facilities. As is required under Massachusetts law, Faulkner submitted to the Department of Public Health (DPH) an application for a certificate of need for the construction of the new hospital. The DPH determined that there was a need for the *replacement* of Faulkner's 186-bed facility, but conditioned approval of its *expansion* from 186 to 240 beds on Faulkner's purchase of Doctors Hospital, a 115 bed proprietary hospital located in Faulkner's primary service area. The DPH also conditioned Faulkner's expansion proposal on the permanent termination of all inpatient services at Doctors Hospital and the development of plans for the future use of the Doctors Hospital facility.

In 1973 Faulkner organized the Faulkner Health Care Corporation (FHCC) to own and operate Doctors Hospital. From February 13, 1973 until March 16, 1976 FHCC operated the Doctors facility and, as contemplated by Faulkner's certificate of need determination, gradually reduced its number of licensed beds. During this phase-out process, Doctors Hospital incurred operating losses of $1,169,235. To meet these deficits Faulkner advanced $1,241,000 to FHCC. On March 16, 1976 FHCC merged with Faulkner and all inpatient services at Doctors Hospital were terminated. At the time of the merger, Faulkner had not recovered the advances it had made to FHCC.

The contested reimbursement issue presented by this case arose from Faulkner's attempt to treat its advances to FHCC as capital expenditures incurred in setting up its new facility, and to claim a depreciation allowance for these advances. In its Medicare cost report for fiscal year 1976, Faulkner treated the amount of its unrecovered advances as part of the cost basis of its new facility and began to amortize this cost over the 40 year useful life of the new facility. Blue Cross denied reimbursement for that portion of the depreciation claim representing advances to FHCC. It was that decision, which was affirmed by the PRRB, but reversed by the District Court, that spawned this litigation.

---

* Of the District of Rhode Island, sitting by designation.

**24**

The general Medicare reimbursement principles governing this case are well established. As a provider of health care services to Medicare patients, Faulkner is entitled to reimbursement for the reasonable cost of the services it renders. *See* 42 U.S.C. § 1395x(v)(1)(A). According to the regulations defining this statutory mandate, reasonable cost includes all *necessary and proper costs* incurred in rendering services. 42 C.F.R. § 405.451(a). Necessary and proper costs are defined as costs "which are appropriate and helpful in developing and maintaining the operation of patient care facilities and activities. They are usually costs which are common and accepted occurrences in the field of the provider's activity." *Id.* § 405.451(b). Depreciation on the buildings and equipment used in providing patient care to Medicare beneficiaries may be an allowable cost. *Id.* Depreciation is based upon the "historical cost" of an asset, which includes costs, such as architectural fees, consulting fees and legal fees, that would be capitalized under generally accepted accounting principles. Medicare Provider Reimbursement Manual, Part 1, § 104.10.

The PRRB held that Faulkner's advances to FHCC were not "necessary and proper" for two reasons. First, it found that the cost for which Faulkner was claiming reimbursement was the operating deficit of Doctors Hospital and, as such, did not relate to the care of patients at Faulkner Hospital. Second, the PRRB found that the costs were not common costs accepted in the provider's field of activity. Faulkner, it reasoned, could have decided merely to replace rather than to expand its facilities. Paying the operating deficit of Doctors was therefore unnecessary. The issue on this appeal is whether the District Court was correct in rejecting both the PRRB's reasons for denying Faulkner reimbursement as not based on substantial evidence and contrary to law. *See* 5 U.S.C. § 706(2).

The District Court, in a thorough and well reasoned opinion, properly rejected the defendant's argument that Faulkner cannot claim reimbursement for the capital costs of its expansion because the expansion was unnecessary. We agree with the District Court's conclusion that:

> [E]ven if the PRRB had found that Faulkner's expansion was unnecessary, such a finding would have been improper. First, it would have been plainly inconsistent ... with the allowance of other costs in this case which were also related to plaintiff's expansion. Second, we believe it was not within the agency's authority under the Medicare program to determine the need for expansion involved in this particular case. That determination was properly made by the Public Health Council, which approved Faulkner's expansion under certain conditions that the record indicates were intended to improve the quality of health care provided to all patients, Medicare and non-Medicare alike. The question for the PRRB's determination was not whether it was reasonable for Faulkner to expand, but rather, whether given that decision, the cost incurred in effecting such expansion was reasonable. *Faulkner Hospital Corporation v. Schweiker,* 537 F.Supp. 1058, 1066 (D.Mass.1982).

The fact that DPH approval was conditional does not mean, as defendant suggests, that Faulkner created the need for its expansion by purchasing Doctors Hospital. Defendant-Appellant Brief at 14–15. Rather, as the DPH found, at the time of Faulkner's application for a certificate of need, there existed a need to replace Doctors Hospital with a new and improved facility. Faulkner's expansion fulfilled this need, it did not create it.

We also agree with the District Court's conclusion that the fact that Faulkner made advances to FHCC to cover the operating deficit at Doctors Hospital during its phaseout does not mean that these advances were unrelated to the care of patients at Faulkner's new facility. *Faulkner Hospital Corp. v. Schweiker,* 537 F.Supp. at 1066–67. Faulkner is not seeking reimbursement for the routine costs of providing health care to Medicare beneficiaries at Doctors Hospital. As the defendant correctly points out Medicare has already provided reimbursement for those costs. Defendant-Appellant Brief

at 8–9. Rather, Faulkner is seeking reimbursement for "the extraordinary overhead cost of maintaining a facility over a three-year period during which the hospital's medical staff and patient population were dwindling." *Faulkner Hospital Corp. v. Schweiker,* 537 F.Supp. at 1070. As we read the District Court opinion, Faulkner is entitled only to costs "actually caused by the state-mandated phase-out" which are "reasonably and properly capitalized under 42 C.F.R. § 405.415." *Id.* at 1071. Faulkner is not entitled to costs for which it or FHCC previously received reimbursement. *Id.* While the determination on remand as to the depreciation allowance to which Faulkner is entitled raises difficult accounting questions, we agree with the District Court that, as a matter of law, Faulkner is entitled to reimbursement for the reasonable costs resulting from the phase-out of Doctors Hospital.

*Mercy Hospital and Medical Center v. Harris,* 625 F.2d 905 (9th Cir.1980), does not, as the defendant contends, suggest a different result. In *Mercy Hospital* the provider classified the operating deficit of its outpatient clinic as an educational expense and sought partial reimbursement on that basis. By classifying the deficit as an educational expense the provider was attempting to gain additional reimbursement for patient care activities which had already been fully reimbursed. Here, unlike *Mercy Hospital,* Faulkner is not seeking to allocate patient care costs to another hospital activity. As the District Court observed, no evidence was submitted demonstrating that "plaintiff is, in fact, seeking double reimbursement for a single cost which has already been reimbursed to Faulkner or FHCC." *Faulkner Hospital Corp. v. Schweiker,* 537 F.Supp. at 1069. We therefore cannot accept defendant's argument that "if an expense incurred by a Medicare provider could fall into either of two disparate categories of costs it would appear more appropriate to categorize that expense in accordance with its primary or more immediate purpose." Defendant Appellant's Brief at 11–12. It is wrong in its premise; the cost being claimed by Faulkner could not "fall into either of two disparate categories."

Faulkner is claiming reimbursement for only the cost resulting from the phasing out of Doctors Hospital. It does not claim reimbursement for the cost of providing care to Medicare beneficiaries at Doctors Hospital.

In affirming the District Court's decision, we recognize the need as well as the obligation of courts to defer to administrative interpretations of the Social Security Act. *See Batterton v. Francis,* 432 U.S. 416, 424–25, 97 S.Ct. 2399, 2404–05, 53 L.Ed.2d 448 (1977). This is a complex area and had the PRRB not based its initial decision on a fundamental misreading of the nature of the reimbursement claim being made in this case we would not sanction the District Court's intervention. The decision of the District Court is affirmed and this case is remanded for further proceedings in accordance with that opinion.

*Affirmed.*